UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT LOVE,

          Movant,

                                            File No. 1:14-cv-254

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

          Respondent.

_____/

**OPINION**

This matter is before the Court on Movant Herbert Love's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). Also before the Court is Movant's pro se motion for default judgment (ECF No. 4). For the reasons that follow, the Court denies the § 2255 motion and the motion for default judgment and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

On April 12, 2006, judgment was entered against Movant for conspiracy to possess, with intent to distribute cocaine. (J. 1, 1:93-cr-184 (W.D. Mich. June 28, 1994) ECF No. 1050.) On April 12, 2006, Movant was sentenced to 240 months imprisonment. (*Id.* 1–2.) Movant appealed the sentence to the Court of Appeals raising three issues: (1) that the "judge rather than the jury" determined "the drug quantity for which he was sentenced;" (2) that his trial counsel was constitutionally ineffective for failing to raise issue one in the district court; and (3) that "the district court neglected to first calculate the proper Guidelines range within the relevant statutory

framework." *United States v. Love*, 289 F. App'x 889, 891 (6th Cir. 2008). On August 12, 2008, the Court of Appeals rejected Movant's first and second arguments but vacated the sentence based on the third argument. *Id.* On February 19, 2009, Movant was sentenced to 204 months imprisonment. (Am. J. 1–2, 1:93-cr-00184 (W.D. Mich. June 28, 1994) ECF No. 1092.) Movant appealed the new sentence to the Court of Appeals raising three issues: (1) that the "sentence was substantially unreasonable;" (2) that his Sixth Amendment right to a jury trial was violated because the sentence was based on facts found by the judge as opposed to the jury; and (3) that "the district court erred in determining an amount of cocaine over sixteen kilograms attributable to him." *United States v. Love*, 392 F. App'x 410, 412, 414, 416 (6th Cir. 2010). On August 23, 2010, the Court of Appeals affirmed the sentence, rejecting Movant's arguments. *See id.* at 418.

## II.

The Court may only hear a motion under § 2255 if the motion is timely filed. 28 U.S.C. § 2255(f). Movant only argues that the motion is timely under 28 U.S.C. § 2255(f)(3). (Mot. 4, ECF No.1.) Movant concedes that the motion is otherwise untimely and does not argue that he was impeded from filing due to a government action (28 U.S.C. § 2255(f)(2)) or that new facts supporting his claim have been discovered (28 U.S.C. § 2255(f)(4)). (Mot. 4, ECF No. 1.)

A motion under 28 U.S.C. § 2255 may be filed within one year from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As the Supreme Court has recognized, a new "rule" announced by the Court applies retroactively to criminal cases that are already final only in limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). New rules of substantive law generally do apply retroactively,

2

while new rules of criminal procedure generally do not. *Id.* at 351–52. A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 353. A rule is procedural if it merely "regulate[s] the *manner of determining* the defendant's culpability." *Id.* (emphasis original).

Retroactive effect is given only to "a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (internal citations omitted). Such a set would only include "a small core of rules requiring observance of those procedures that are . . . implicit in the concept of ordered liberty." *Graham v. Collins*, 506 U.S. 461, 478 (1993). Because any such rule "would be so central to an accurate determination of innocence or guilt" it is "unlikely that many such components of basic due process have yet to emerge." *Beard v. Banks*, 542 U.S. 406, 417 (2004) (internal quotations and citations omitted). For this reason, the Supreme Court has yet to recognize a procedural rule that falls in this category, although the right to counsel in felony cases recognized in *Gideon v. Wainwright*, 372 U.S. 335 (1963), is often given as an example. *Beard*, 542 U.S. at 417.

In *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be proved. *Id.* at 2155. Because this holding overruled *Harris v. United States*, 536 U.S. 535 (2002), and extended the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it is a "new" rule for purposes of § 2255(f)(3). *See Jarrett v. United States*, 1:13-cv-952, 2013 WL 5508053, at *2–*3 (W.D. Mich. Oct. 3, 2013) (Quist, J.) (collecting cases recognizing *Alleyne* as a "new" rule for § 2255 purposes). Indeed, Movant's argument that the motion is timely is predicated on *Alleyne* being a new rule.

The question, therefore, becomes whether the rule from *Alleyne* should apply retroactively. The Supreme Court did not answer this question in its opinion. *Alleyne* states a procedural rule, as it merely regulates the manner in which a defendant's culpability is determined, to wit, the manner in which certain facts are found that impact sentencing. *See Schriro*, 542 U.S. at 353. *Alleyne* does not, however, state a "watershed" procedural rule, such that its holding should be applied retroactively to cases on collateral review. The question of whether a judge or a jury decides a question of fact in a criminal case is not "implicit in the concept of ordered liberty," *Graham*, 506 U.S. at 478, such that resolution of that question is "central to an accurate determination of innocence or guilt." *Beard*, 542 U.S. at 417. Indeed, other courts around the country have reached the same conclusion. *See Jarrett*, 2013 WL 5508053, at *3 (collecting cases).

Because *Alleyne* does not recognize a new right "made retroactively applicable to cases on collateral review," Movant cannot claim its benefit in order to render the otherwise untimely motion timely under § 2255(f)(3). Therefore, the Court must deny Movant's untimely motion under 28 U.S.C. § 2255. Because the motion was not timely filed, the Court declines to address the merits of Movant's argument.

### III.

Having determined that the Court cannot grant the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon Movant, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901–03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals

4

has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. If the motion is denied on procedural grounds, a certificate should be granted only if "jurists of reason" would debate whether Movant "states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. When the district court correctly invokes a "plain procedural bar" to dispose of the case "without reaching the underlying constitutional claims," "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or in that the petitioner should be allowed to proceed further." *Foreman v. United States*, 2013 U.S. App. LEXIS 14207, at *4 (6th Cir. Mar. 13, 2013) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted). The Court holds that reasonable jurists could not find this Court's assessment, that § 2255(f)(3) does not apply to Movant's motion, debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

## IV.

Movant has filed a motion for default judgment based on the fact that more than forty-five days have elapsed since Movant filed the § 2255 motion and the government has not responded. However, notice is only served upon the United States attorney when the Court has determined from

"the motion and the files and records of the case" that the movant may be entitled to relief. 28 U.S.C. § 2255(b). In the instant case, the Court holds that such motion, files, and records, "conclusively show" that Movant "is entitled to no relief" and therefore no notice was served upon the United States attorney. *See id.* Thus, Movant's motion for default judgment is moot and is dismissed by the Court.

## V.

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised in support of this motion. For the foregoing reasons, the court also denies Movant's motion for default judgment.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: <u>May 20, 2014</u>                              <u>/s/ Robert Holmes Bell</u>
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE